07-5426-ag
Bassel v. Holder

BIA
Defonzo, IJ
A095 838 333

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > Circuit Judges.

_____

BLAISE DAME BASSEL,
> Petitioner,

> v.                                          07-5426-ag
                                             NAC

ERIC H. HOLDER, JR.,[1]
UNITED STATES ATTORNEY GENERAL,
> Respondent.

_____

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR PETITIONER:**     Ronald S. Salomon, New York, New York.

**FOR RESPONDENT:**     Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Blaise Dame Bassel, a native and citizen of the Republic of Congo, seeks review of a November 5, 2007 order of the BIA affirming the March 8, 2006 decision of Immigration Judge Paul A. DeFonzo, pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). In re Blaise Dame Bassel, No. A095 838 333 (B.I.A. Nov. 5, 2007), aff'g No. A095 838 333 (Immig. Ct. N.Y. City Mar. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial

evidence standard.

8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir. 2008).

The agency's adverse credibility determination is supported by substantial evidence. See Corovic, 519 F.3d at 95. The IJ identified discrepancies between Bassel's testimony and the information he provided in his application regarding whether his father was politically active; whether his father was murdered by ethnic Mboshis or by COBRAs; whether he and his family were beaten by his father's killers at the time his father was murdered; and whether, after fleeing the Republic of Congo, Bassel stayed in the Democratic Republic of Congo for two weeks or approximately seven months prior to going to Senegal. Each discrepancy went to the heart of Bassel's claim because each calls into question the circumstances surrounding Bassel's claim of past persecution and his fear that it is more likely than not that he would be persecuted if he returns to the Republic of Congo. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 141-42 (2d Cir. 2008).

3

When asked to explain the discrepancies, Bassel testified that he was confused or that he did not understand. However, because Bassel had the opportunity to review his application and prepared a supplement to his application with his lawyer's assistance, no reasonable fact finder would be compelled to accept his explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ultimately, we find no error in the IJ's adverse credibility determination. Thus, the IJ properly denied Bassel's application for withholding of removal and CAT relief because the only evidence of a threat to Bassel's life or freedom depended on his credibility.[2] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

---

[2] Bassel does not challenge the IJ's pretermission of his asylum application as untimely.

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____